IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| RAYMOND PAGE, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRANCH BANKING AND TRUST COMPANY,<br><br>Defendant. | CIVIL ACTION NO.<br>2:14-CV-00055-RWS |

## ORDER

This case comes before the Court on Defendant's Motion to Dismiss [16]. After reviewing the record, the Court enters the following Order.

## Background

In April 2011, Plaintiff Raymond Page obtained financing from Defendant Branch Banking and Trust Company to purchase a 2005 Chrysler Minivan. (Compl. ¶¶ 9). Plaintiff executed an Installment Sale Contract and Security Agreement ("Sale Contract") and a Required Insurance Coverage disclosure ("Insurance Disclosure") for the loan. Id. As a condition of the loan,

Defendant required Plaintiff to obtain Vendor's Single Interest insurance ("VSI"). (Dkt. [16-2] at 2).

Specifically, the Sale Contract states: "You are required to obtain [VSI] insurance. You may obtain this insurance from any agent or insurer of your choice that is acceptable to [Defendant]. If you obtain this insurance from [Defendant], you will pay $49.00." (Dkt. [16-2] at 2). The Sale Contract also includes the $49.00 charge in its "Other Items Financed" section, which in turn is part of the total "Amount Financed." Id. In addition, the Insurance Disclosure states that the VSI insurance serves "solely to protect the rights of the owner of [Plaintiff's] loan in the event of loss or damages to the vehicle. VSI insurance does not protect your interests in the vehicle." (Dkt. [16-3] at 2).

Plaintiff alleges that these documents fraudulently induced Plaintiff to pay for the VSI insurance by misrepresenting that (1) the VSI insurance was a necessary condition of credit, (2) the VSI insurance provided risk coverage that was otherwise unavailable, (3) the VSI insurance fee was a lawful charge, (4) the VSI insurance premium would be paid by Defendant on Plaintiff's behalf, and (5) all disclosures concerning VSI insurance were accurate. (Compl. ¶¶ 5, 33).

2

Based on the foregoing allegations, Plaintiff brings a single claim for fraud under O.C.G.A. § 51-3-1 et seq. against Defendant. Defendant now moves for dismissal.

## Discussion

### I. Motion to Dismiss Legal Standard

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when " 'it appears

3

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Twombly, 550 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

## II.    BB&T's Motion to Dismiss

### A.    Fraud

In Georgia, the tort of fraud requires: (1) a false representation or omission of material fact; (2) scienter, or knowledge of the falsity by the defendants; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages. Lehman v. Keller, 297 Ga. App. 371, 372–73 (2009). In addition, Rule 9(b) of the Federal Rules of Civil Procedure requires claims for fraud to be pled "with particularity." FED. R. CIV. P. 9(b).  That is, an allegation of fraud must specifically state "the details

4

of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301,1310 (11th Cir. 2002).

Here, Plaintiff does not state a claim for fraud because he fails to allege any misrepresentation. To be sure, Plaintiff alleges that Defendant made the following misrepresentations: (1) that obtaining the VSI insurance was a necessary condition of credit, (2) that the VSI insurance provided risk coverage that was otherwise unavailable, (3) that the VSI insurance fee was lawful, (4) that the VSI insurance premium would be paid by Defendant on Plaintiff's behalf, and (5) that all disclosures concerning VSI insurance were accurate. (Compl. ¶¶ 5, 33). Analyzing each statement in turn, the Court finds that none of them is false.[1]

First, obtaining VSI insurance *was* a necessary condition of the loan. In fact, regarding the VSI insurance, the Sale Contract states, "[y]ou are required

---

[1] Defendant also argues that because its VSI insurance disclosures comply with the Truth in Lending Act ("TILA"), Plaintiff's fraud claim is preempted. (Dkt. [16-1] at 11). However, TILA does not preempt state law claims that are consistent with its provisions, such as fraud. See, e.g., Barlow v. Evans, 992 F. Supp. 1299, 1311 (M.D. Ala. 1997) ("TILA does not preempt [plaintiff's] state claim of fraud."). In addition, because Plaintiff does not allege a TILA claim, the Court need not address this argument further.

to obtain this insurance." (Dkt. [16-2] at 2). The Insurance Disclosure also states, "Vendor's (or Lender's) Single Interest (VSI) insurance is required." (Dkt. [16-3] at 2).

In spite of this express language, Plaintiff argues that the VSI insurance was not a necessary condition of the loan because Georgia requires drivers to obtain automobile insurance under O.C.G.A. § 33-34-4. (Dkt. [20] at 9). Therefore, Plaintiff argues, the VSI insurance charge is redundant and unnecessary. Id. This contention is incorrect. Common automobile insurance and VSI insurance are not the same. "Common auto insurance protects the *driver's* interest in the auto for the value of the car. [VSI] insurance connected with a secured loan is different: It 'protects only the *creditor's* interest, defined as the unpaid balance [of the loan] at the time of the occurrence of the insured risk.'" Dixon v. S & S Loan Serv. of Waycross, Inc., 754 F. Supp. 1567, 1570–71 (S.D. Ga. 1990) (quoting Hernandez v. United Fire Ins. Co., 79 F.R.D. 419, 423 n. 1 (N.D. Ill. 1978)) (emphasis added). Because they are different forms of insurance that provide protection to different persons, common automobile insurance and VSI insurance are not redundant. In addition, O.C.G.A. § 33-34-4 merely requires Georgia drivers to obtain liability

6

insurance for "bodily injury and property damages liability." O.C.G.A. § 33-34-4. The law does not mandate insurance for the value of the car, for either the driver's or the creditor's benefit. Therefore, Georgia's insurance laws do not render Defendant's VSI insurance requirement unnecessary.

Second, Plaintiff argues that Defendant falsely represented that VSI insurance was available from other insurers. To the contrary, the Sale Contract stated that Plaintiff could "obtain this insurance from any agent or insurer of your choice that is acceptable to us." (Dkt. [16-2] at 2). In his opposition brief, however, Plaintiff argues that this is misleading because purchasers "typically cannot purchase VSI insurance coverage on their own." (Dkt. [20] at 9). But the Sale Contract does not guarantee that the purchaser can find an alternative issuer of VSI insurance. It simply discloses that the purchaser "*may* obtain this insurance from" an acceptable third party to satisfy the VSI insurance requirement. (Dkt. [16-2] at 2) (emphasis added). Accordingly, that disclosure was not false and cannot constitute fraud.

Third, Plaintiff contends that the VSI insurance fee was an unlawful charge. VSI insurance has frequently been recognized by courts as a common charge for creditors to include in financing. See Dixon, 754 F. Supp. at 1570–71

7

(acknowledging VSI insurance as a form of property insurance used to protect the creditor's interest); see also Ritter v. Durand Chevrolet, Inc., 945 F. Supp. 381 (D. Mass. 1996) (upholding defendant-creditor's $39.00 VSI insurance charge as lawful and dismissing plaintiff's claim). Again, Plaintiff argues that the VSI insurance fee was unlawful because Georgia law already requires drivers to insure their vehicles. (Dkt. [20] at 9). But this argument fails. As shown above, Georgia law merely requires drivers to obtain liability insurance for "bodily injury and property damages liability," which does nothing to protect the interest of creditors. O.C.G.A. § 33-34-4. And even if Georgia law required drivers to insure their interest in their vehicles, it would not be unlawful for creditors to create a safety net. Indeed, "[t]he very purpose of VSI insurance is to insure the collateral in the event the debtor fails to do so." Sunwest Bank of El Paso v. Gutierrez, 819 S.W.2d 673, 675 (Tex. App. 1991). Further, the Sale Contract does not hold out VSI insurance as required under Georgia's law; it merely states that the lender requires Plaintiff to obtain VSI insurance in order to receive the loan. Therefore, the VSI insurance charge is not unlawful.

Fourth, Plaintiff states that Defendant represented that it would pay the VSI insurance fee. However, Defendant made clear that Plaintiff would pay the VSI fee in the Sale Contract, stating "[i]f you obtain this insurance from us, *you* will pay $49.00." (Dkt. [16-2] at 2) (emphasis added).

Finally, Plaintiff generally alleges that Defendant misrepresented that its VSI disclosures were accurate. But as shown above, Plaintiff has failed to alleged any misstatements regarding the VSI insurance. Further, broadly asserting that other VSI disclosures were inaccurate without identifying any misstatement plainly lacks the required particularity for a fraud claim.

Because none of the statements upon which Plaintiff bases his claim is false, Plaintiff fails to state a claim for fraud. Therefore, Plaintiff's claim is due to be dismissed.

B.   Leave to Amend

In his opposition brief, Plaintiff alternatively requests leave to replead. (Dkt. [20] at 19). While Plaintiff does not attach a proposed Amended Complaint, "failing to do so is not a basis for denying leave to amend." Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 n.4 (11th Cir. 2008). However, it is still necessary to "set forth the substance of the proposed amendment." Long v.

9

Satz, 181 F.3d 1275, 1279 (11th Cir. 1999). Here, Plaintiff merely requests leave to replead without identifying the substance of any proposed amendment. (Dkt. [20] at 19). Accordingly, the Court finds that amendment would be futile because Plaintiff fails to show that he could correct the deficiencies of his Complaint. See Patel v. Ga. Dep't BHDD, 485 F. App'x 982, 983 (11th Cir. 2012) (affirming denial of leave to amend when the plaintiff's motion "provided no reason for the district court to believe that he could offer sufficient allegations to make a claim for relief plausible on its face").

## Conclusion

In accordance with the foregoing, Defendant's Motion to Dismiss [16] is **GRANTED**.

**SO ORDERED**, this __23rd__ day of February, 2015.

_____
**RICHARD W. STORY**
United States District Judge